# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY LEE BLUDWORTH,<br><br>Plaintiff,<br><br>v.<br><br>CSP CORCORAN, et al.,<br><br>Defendants. | Case No. 1:13-cv-00728-AWI-DLB PC<br><br>**FINDINGS AND RECOMMENDATION REGARDING FIRST AMENDED COMPLAINT**<br><br>(ECF No. 18)<br><br>THIRTY DAY DEADLINE |

## I. Background

Plaintiff Timothy Lee Bludworth ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff filed this action on May 14, 2013, in the Northern District of California, and is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. On May 16, 2013, this action was transferred to the Eastern District of California. (ECF No. 6.) On June 13, 2013, Plaintiff filed his complaint. (ECF No. 12.) On April 10, 2014, the Court screened the complaint and dismissed it for failure to state a claim. (ECF No. 17.) Plaintiff was granted leave to file an amended complaint. On May 9, 2014, Plaintiff filed a First Amended Complaint ("FAC"). (ECF No. 18.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1),(2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).  While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.    Summary of First Amended Complaint

Plaintiff was incarcerated at California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California, and Sierra Conservation Center ("SCC") in Jamestown, California, where the events giving rise to this action occurred. Plaintiff names the County of Corcoran, Dr. Nastran Hashemi, Dr. C. Ogbuehi, Dr. J. Jackson, all CSATF medical staff, Dr. W. Savage, Dr. Jack St. Claire, Dr. S. Bangi, and all SCC medical staff as Defendants in this action.

Plaintiff alleges the following.  On March 30, 2012, Plaintiff was in a physical altercation with an inmate named "Perry" at CSATF.  Plaintiff suffered injuries to his right shoulder including a torn rotator cuff, an injured clavicle bone, and other injuries.  Plaintiff was taken to the D-yard medical clinic where he was examined by Defendant Jackson.  Plaintiff states Defendant Jackson gave him a bottle of Tylenol and told him to leave the clinic.  Plaintiff refused to leave because of the pain and severe bruising.

On April 3, 2012, Plaintiff again saw Defendant Jackson because of the pain and bruising to his shoulder.  Plaintiff alleges Defendant again refused to do anything about it.

On April 19, 2012, Plaintiff was seen by Defendant Jackson.  Plaintiff was still complaining of the great deal of pain he was in.

On May 3, 2012, Plaintiff was seen by Physician Assistant Tiggs-Brown.  Plaintiff filed several requests for health care.  He was seen by Tiggs-Brown several more times that month including June 3, 2012, and June 13, 2012.  Plaintiff continued to complain of pain.

Plaintiff continued to see additional doctors in July with no results.  He continued to experience pain.

On August 15, 2012, Plaintiff saw Defendant Ogbuehi and told him about his pain and experiences, with no results. Plaintiff saw Defendant Ogbuehi again on September 13, 2012, October 26, 2012, and November 14, 2012. Plaintiff states nothing was done at all.

Plaintiff was then seen by Defendant Hashemi who sent Plaintiff for another X-ray. The X-ray of December 3, 2012, revealed complications to his right shoulder.

Plaintiff states he is still suffering from injury, serious pain, and limited movement in his right arm. He claims Defendants ignored the health and safety concerns of Plaintiff and refused to give Plaintiff medical attention. Plaintiff filed several medical 602s and appealed to the Third Level of Review, but all 602s were denied. Plaintiff alleges Defendants showed deliberate indifference in violation of the Eighth and Fourteenth Amendments by providing no treatment or medical attention to Plaintiff.

Plaintiff demands a jury trial, a daily fine of $100.00 against each Defendant until verdict or settlement, costs of suit, declaratory judgment, compensatory damages of $140,000.00 against all Defendants, and punitive damages of $90,000.00 against each Defendant.

**III.   Analysis**

A.   Rule 8 and Linkage

Under section 1983, Plaintiff is required to prove that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Plaintiff must prove that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no *respondeat superior* liability under section 1983, and therefore, each defendant is only liable for his own misconduct. Ashcroft v. Iqbal, 556 U.S. 662, 676-77 129 S.Ct. 1937, 1948-49 (2009).

Similarly, Federal Rule of Civil Procedure 8 requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "Such a statement must simply give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkeiwicz v. Sorema, NA, 534 U.S. 506, 512 (2002). "While a

3

plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal–Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Here, Plaintiff does not link Defendants Savage or St. Claire with any conduct. In addition, Plaintiff cannot name the entire medical staff of an institution or the County of Corcoran as Defendants. Rather, he should only name individual defendants who were involved in his care, and against whom he can allege facts to state a claim.

Accordingly, Plaintiff fails to state a claim against any Defendants Savage, St. Claire, medical staff at CSATF and SCC, and County of Corcoran.

B.     Eighth Amendment—Medical Deliberate Indifference

Plaintiff raises claims under Section 1983 for violation of the Eighth Amendment's prohibition against cruel and unusual punishments. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). In order to find a prison official liable under the Eighth Amendment for denying humane conditions of confinement within a prison, the official must know "that inmates face a substantial risk of serious harm and disregard[] that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994).

To maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show (1) a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain, and (2) a deliberately indifferent response by defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). The deliberate indifference standard is met by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Id.

The failure to respond to a prisoner's complaints of pain can be sufficient to support an Eighth Amendment claim. Snow v. McDaniel, 681 F.3d 978, 990 (9th Cir. 2012); Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002). However, deliberate indifference must be shown and it is a high legal standard. Toguchi, 391 F.3d at 1060 (quotation marks omitted). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. Cnty. of Washoe, Nev., 290 F.3d 1175, 1188 (9th Cir. 2002)).

Here, Plaintiff fails to state a claim for medical deliberate indifference against any Defendant. While the Court accepts as true that Plaintiff's shoulder injury caused him pain, his bald assertion that he was refused any medical care is completely belied by his complaint and attached exhibits. In his complaint, Plaintiff admits he received x-rays for the injury. The attached exhibits include reports of three x-rays performed on Plaintiff on April 13, 2012, December 20, 2012, and January 25, 2013. (ECF No. 18 at 35, 36, 38.) The x-ray of April 13, 2012, was ordered by Physician Assistant Tiggs-Brown and revealed no fracture, dislocation or separation. (ECF No. 18 at 35.) The x-ray of December 20, 2012, was ordered by Defendant Hashemi and compared to the prior x-ray of April 13, 2012. (ECF No. 18 at 38.) The x-ray findings showed no fracture, dislocation or other acute abnormality. (ECF No. 18 at 38.) The x-ray of January 25, 2013, was ordered by Defendant Bangi and showed no acute abnormality. (ECF No. 18 at 36.)

The exhibits also reveal that Plaintiff received an MRI of the shoulder on March 3, 2013, as ordered by Defendant Bangi. (ECF No. 18 at 37.) Contrary to Plaintiff's allegation that he suffered a torn rotator cuff, the attached MRI report shows Plaintiff's rotator cuff was intact and no tear was apparent. (ECF No. 18 at 37.) In addition, medical reports attached as exhibits further undercut Plaintiff's allegation that he received no medical treatment and show instead that Plaintiff was consistently and repeatedly treated by doctors for his shoulder injury. Plaintiff was examined shortly after the incident and was prescribed Tylenol and Augmentin. It was further recommended that Plaintiff be sent to Corcoran District Hospital for x-ray, but Plaintiff refused. Plaintiff was examined

on April 2, 2012, and based on Plaintiff's reports of continued pain, a new prescription for Ibuprofen was submitted. On April 9, 2012, Plaintiff was examined again for continued complaints of pain. Physician Assistant Tiggs-Brown ordered an x-ray and continued use of Ibuprofen pending results. The x-ray was conducted and revealed no fracture, dislocation, or separation. Plaintiff was seen again on May 1, 2012, and again provided Ibuprofen for pain. On May 5, 2012, Plaintiff was seen again by Tiggs-Brown, who went over the x-ray results with Plaintiff. A referral for an MRI was submitted. On August 15, 2012, Plaintiff was examined by Defendant Ogbuehi regarding continued complaints of pain. Defendant Ogbuehi prescribed Plaintiff Oxcarbezepine and submitted a referral for physical therapy.

In summary, Plaintiff fails to state with any specificity how the named defendants were deliberately indifferent to Plaintiff's medical needs. Moreover, Plaintiff's conclusory allegations are belied by the exhibits he has submitted. In light of the exhibits, his allegations that he has been completely denied medical care is implausible on its face. Iqbal, 556 U.S. at 678. Accordingly, Plaintiff fails to state any claims for medical deliberate indifference to support an Eighth Amendment claim.

**IV.     Conclusion and Recommendation**

Plaintiff's First Amended Complaint fails to state any cognizable federal claims against any named Defendant. Plaintiff was previously provided with leave to amend and based on the nature of the deficiencies, further leave to amend is not warranted. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez, 203 F.3d at 1130. Accordingly, the Court RECOMMENDS that the First Amended Complaint be DISMISSED for failure to state a claim, thus terminating the action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may

///

///

waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 14, 2015**                                      /s/ *Dennis L. Beck*
                                                               UNITED STATES MAGISTRATE JUDGE